# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISIO ATENIA LORENZO, <br><br> Petitioner, <br><br> v. <br><br> MR. FIGUEROA, Warden, and ESTRADA, Detention Officer, <br><br> Respondents. | Case No. 16-cv-1719 DMS (BGS) <br><br> **ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS** |

Petitioner Elisio Atenia Lorenzo has filed a motion to proceed *in forma pauperis* ("IFP") in his appeal of this Court's decision denying his petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] For the reasons set out below, the motion is denied.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed IFP. *See* 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), a party to a district court action who seeks to appeal IFP must first file a motion with the district court which: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the

---

[1] On August 28, 2017, Petitioner filed a financial affidavit with a notice of appeal. The Court construes the financial affidavit as a motion to proceed IFP.

party's inability to pay or to give security for fees and costs;[2] (B) claims an entitlement to redress, and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Additionally, if a party seeking to proceed IFP is a prisoner as defined in 28 U.S.C. § 1915(h), the party "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). However, even if a party provides proof of indigence, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A party satisfies the "good faith" requirement if he or she seeks review of any issue that is "nonfrivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

Petitioner is a prisoner under 28 U.S.C. § 1915(h), which includes any person detained in any facility for violations of the terms and conditions of probation. While Petitioner has submitted a financial affidavit, he has not included a certified copy of his trust fund account statements for the past six months. Because Petitioner has not filed sufficient material to enable the Court to determine Petitioner's eligibility for proceeding IFP, the motion is denied on this basis.

Even assuming Petitioner has shown his eligibility to proceed IFP, he has failed to demonstrate that he intends to present any non-frivolous argument on appeal. Plaintiff's sole argument on appeal is that *Preap v. Johnson*, 303 F.R.D. 566, *affirmed*, 831 F.3d 1193 (9th Cir. 2016) mandates his release. However, as explained in the previous order, *Preap* is inapplicable to the present action. Because

---

[2] Form 4 of the Appendix of Forms requires a prisoner to attach a certified prison trust account statement showing all receipts, expenditures and balances during the last six months.

1  Petitioner's argument has no arguable basis in law, his IFP appeal is frivolous.
2  Therefore, the Court certifies that Petitioner's IFP appeal would not be taken in
3  "good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*,
4  369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)
5  (indigent appellant is permitted to proceed IFP on appeal only if appeal would not
6  be frivolous).  Accordingly, Petitioner's motion is denied.  The Clerk shall close this
7  case.

**IT IS SO ORDERED.**

Dated:  September 5, 2017

_____
Hon. Dana M. Sabraw
United States District Judge